(60 South. 621.)

No. 19,441.

## CITY OF SHREVEPORT v. UNITED STATES FIDELITY & GUARANTY CO.

(Jan. 6, 1913.)

*(Syllabus by the Court.)*

· On the Exception.

1. PRINCIPAL AND SURETY (§ 151*)—PAVING BOND—ACTION AGAINST SURETY ALONE.

An exception'of nonjoinder will not lie because the plaintiff has sued only one of two people bound in solido. The obligee had the right to sue either one, or both, of them. ·

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 415, 420; Dec. Dig. § 151.*]

On the Merits.

2. PRINCIPAL AND SURETY (§ 99*) — STREET IMPROVEMENT — BOND FOR REPAIRS — DISCHARGE OF SURETY.

Where one is bound by a contract to keep in repair the streets of a city with a certain kind of asphalt, the mere fact that the city, after the default of the obligor, uses a cheaper but different kind of asphalt does not relieve the obligor of its obligation to pay for the repair work which it should have done.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 158–161; Dec. Dig. § 99.*]

3. COSTS (§ 260*)—FRIVOLOUS APPEAL.

Only when an appeal is clearly frivolous will damages be allowed because of frivolousness, as the right of appeal is always favored.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.*]

Appeal from First Judicial District Court, Parish of Caddo; Edgar W. Sutherlin, Judge.

Suit by the City of Shreveport against the United States Fidelity & Guaranty Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Wise, Randolph & Rendall, of Shreveport, for appellant. G. W. Jack, of Shreveport, for appellee.

BREAUX, C. J. The city of Shreveport brought this suit to recover a judgment against the defendant for $3,659.76, with interest.

The defendant interposed the plea of nonjoinder, because J. P. Nelson, the principal and contractor, was not made a party. This plea was overruled, and the defendant answered, denying all liability.

There was a judgment rendered for plaintiff for the sum claimed. On appeal plaintiff prayed for an amendment of the judgment in the sum of $250 damages for frivolous appeal.

The facts are that Nelson, principal, and defendant, surety, entered into a contract with the city of Shreveport to pave streets named, and to maintain them for a period of 10 years.

Defendant does not deny that it was surety as alleged. The points of defense are that no demand was made for repairs; that it was called upon to do very limited work, but that the city required much more to be done than it should have required; that the bids of contractors to do repair work were not responsive to the advertisement; that the repair work was really reconstruction work made of different material than the kind originally used by the first contractor.

## The Exception.

[1] As the defendant and the contractor were bound in solido, they could be sued separately, and the plaintiff had the right to sue one or the other. There was no nonjoinder of which defendant could complain.

## On the Merits.

[2] The specifications originally were prepared by the city engineer. The repairs for a number of years were promptly made, and there was no ground for complaint. When nearing the end of the maintenance period of 10 years, it appears that defendant became indifferent. In the last year plaintiff arrived at the conclusion that repairs were indispensable; that was the re-

port of its officers. An ordinance was adopted directing that the contractor be called upon to make the repairs. As he was not in Shreveport, notices were forwarded; but no attention was paid to these. The city then advertised for bids. As this was repair work, the advertisement did not contain every detail of work that would have to be done, as that was not possible; for patching of sheds sometimes requires a little deviation from the original plan of repair. The demand sufficiently explained the nature and extent of repairs needed.

The bids were received and an award made to the successful bidder, who repaired the streets to the satisfaction of the officers of plaintiff. The work was accepted and paid for by plaintiff.

The main objection of the defense is that the material used in repairing was different from that originally used by the contractors; that this difference vitiates the claim; and that the bids were different from the requirements of the advertisement.

Taking up the question of materials used in repairing, the contract between the original contractor and the city was that Uvalde rock asphalt was to be used. The original contractor agreed to pave with this asphalt in accordance with the specifications and profile. Besides, he was to maintain and keep the streets in good repair for a period of 10 years. For all of this, the original contractor, as principal, and the defendant, as surety, signed the bond which is the basis of this suit.

Instead of using rock asphalt, the contractor employed by the city to make the repairs, a Mr. Severance, had to use sheet asphalt. The reason given by him for not using the rock asphalt was that the asphalt plant producing that asphalt was no longer in operation, and rock asphalt could not be had. The sheet asphalt used by this contractor, according to the testimony, was equal to the rock asphalt, and cost cheaper. The advertisement for bids stated that the streets were to be repaired with rock asphalt or asphaltic concrete. Part of the repairs were made with asphaltic concrete; but that also became exhausted, it seems, and no more was to be had. It was then that the contractor began to use the sheet asphalt, as that was all that he could get. This he had to do, although he had to pay a larger amount for it. It is said that there is not much difference between sheet asphalt and asphaltic concrete. In one rock is abundantly used, and in the other it seems that sand is used to a greater extent. The sheet asphalt has, it is said, more bitumen than the other. Other streets, not included in the contract, were paved mostly with sheet asphalt. There was, we are informed, necessity for some uniformity; otherwise the appearance would not have been sightly. It would have been somewhat variegated, it seems, to quote the superintendent of parks and streets.

The city engineer informs us that rock asphalt would have cost much higher than asphaltic concrete or sheet asphalt either; that the sheet asphalt is the natural asphalt.

Following up the testimony from beginning to end, we have not found wherein defendant has any good ground for complaint. The cost would have been greater had the plaintiff insisted upon the full measure of the work with rock asphalt. The city ought not to be made to lose its claim entirely, on the ground that it had the work done more cheaply than it would otherwise have been had the original contract been followed to the letter.

Asphaltums are of different localities. They are imported mostly from Cuba and Venezuela. Rock asphalt from Texas and Oklahoma. The former are mixed. They differ from each other in chemical composition; in the compounds different qualities

may be used. It is not because part of the asphalt was of a slightly different quality that the repairs were not what they should have been. To illustrate: If the work is to be done with Portland cement, and Portland cement nowhere can be had, other cement may be used, equally as valuable, to repair the original work; and if the work is acceptable there is no good ground for complaint, particularly as this was the act of the proprietor.

[3] Plaintiff, as before stated, prayed for damages for a frivolous appeal. It sometimes serves the purpose of an argument to take the position that the appeal is frivolous, and that the judgment should be affirmed, with damages. We had to read the record carefully in order to become convinced that defendant's ground of complaint was not well grounded. Appeals are always favored and demands examined into. Unless it appears that there was beyond all question frivolousness, damages will not be allowed.

Judgment affirmed.