### No. 10,255
### Orleans

## CITY OF NEW ORLEANS v. CANAL BAKERY AND DELICATESSEN, Appellant

(October 17, 1925, Opinion and Decree).
(See page 789 herein.)
(March 15, 1926. Suspensive Appeal to Court of Appeal Granted.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Municipalities—Par. 183; Mandamus—Par. 32.**
Considering the right of the citizen to engage in any legitimate business without permit is constitutional and the right of appeal is also guaranteed by the constitution of the state and that the defendant may suffer an irreparable injury from a preliminary injunction enjoining him from operating a private market while the plaintiff will suffer none, in the exercise of the discretion granted to us by Act 29 of 1924, a suspensive appeal is granted relator herein from the preliminary injunction on his furnishing bond for costs.

### MANDAMUS PEREMPTORY

This is an application for a mandamus to order the district judge to grant the defendant a suspensive appeal from a pre-

liminary judgment enjoining him from operating a private market. Mandamus made peremptory.

Paul W. Maloney, John C. Davey and Edward Dinkelspiel, attorneys for relators.

ON PETITION FOR MANDAMUS

CLAIBORNE, J. This is an application for a mandamus to order the District Judge, Division "B", M. M. Boatner, Judge, to grant the defendant a suspensive appeal from a preliminary judgment enjoining him from operating a private market.

The plaintiff alleged that the defendant was operating a private market for the sale of fresh meat at retail upon the premises, No. 1932-1934 Canal street; that the said premises are within 3200 feet of two public markets and that consequently the operation of said private market is in violation of Ordinance 7361, C. C. S., as amended; that the said defendants are operating the said market without a permit from the municipal authorities, which constitutes a public ———— and an injury to petitioner's property rights; and an injunction was necessary to protect its rights and the right of the inhabitants of the city. The city prayed for an order directing the defendant to show cause why a preliminary injunction should not issue enjoining the defendant from operating said private market and for final judgment perpetuating said judgment.

The order issued as prayed for.

Various irregularities in the proceedings are urged by defendant preceding its answer. It would serve no useful purpose to consider them, as they do not affect his right of appeal.

Eight affidavits in support of the facts alleged in the petition are annexed to it.

On the return day of the rule the defendant filed exceptions that it showed no cause of action, that it was vague and indefinite for several reasons, and that the ordinances relied upon by the plaintiff are unconstitutional for being discriminatory in favor of other private markets within 3200 feet in violation of the state and federal constitution.

After hearing the rule the court overruled the exceptions and made the rule absolute and issued a preliminary writ enjoining the defendant from operating its private market upon its premises, 1932 Canal street.

From this judgment the defendant applied for a suspensive appeal, which the court refused to grant. Hence the application of defendant and relator herein to order the trial judge to grant the same. Its petition repeats in substance the allegations of its answer to the rule.

The refusal of the trial judge to grant the suspensive appeal is based upon Act No. 29 of 1924, Section 5, p. 41. It reads as follows:

"Section 5. Where, upon a hearing, a preliminary writ of injunction shall have been granted, by an interlocutory order or decree, * * * a devolutive but not a suspensive appeal may be taken as a matter of right from such interlocutory order or decree; provided * * * the court may, in its discretion, allow to any party enjoined a suspensive appeal from any order granting a preliminary injunction, and may, in its discretion, also stay further proceedings in the cause until the appeal has been decided, upon the party appealing giving bond with surety * * * in such sum as the court may fix as sufficient for the protection of the opposite party or other party in interest in his damages and costs and conditioned for the payment of all damages and costs sustained by such opposite party or other party in interest by reason of the suspension of such order by such appeal; if in such case a suspensive appeal be refused by the lower court, the appellate court having jurisdiction, or any judge thereof, may, in like circumstances and under like conditions, allow the same in aid of its appellate jurisdiction; provided further, that any appeal, devolutive or suspensive must be taken and bond furnished within ten days from entry of such order or decree, and such appeal shall have precedence in the appellate court,

but the proceedings ·in other respects in the court below shall not be stayed during the pendency of such appeal unless otherwise ordered by the court granting the same.".

An attentive reading of this section removes the impression that it denies to any party suspensive appeal from a preliminary order granting an injunction. All it takes away is the absolute unqualified legal right to the suspensive appeal.

It grants to the trial court "in its discretion" the power to grant the suspensive appeal or refuse it.

If "a suspensive appeal be refused by the lower court" then "the appellate court may in like circumstances and under like conditions allow the same in aid of its appellate jurisdiction".

The question as to the right of a suspensive appeal from a preliminary judgment granting or refusing an injunction therefore resolves itself into one of discretion in the judge of the district or appellate court.

Considering that the right of the citizens to engage in any legitimate occupation without permit is constitutional, and the right of appeal is also, guaranteed by the constitution of the state, and that the defendant may suffer an irreparable injury from the injunction granted herein, while the plaintiff will suffer none by delay, we have arrived at the conclusion in the exercise of our discretion to grant the defendant the suspensive appeal prayed for.

State vs. John Mahner, 43 La. Ann. 496, 9 South 480; State vs. Dubarry, 44 La. Ann. 1117, 11 South. 718; State vs. Kuntz, 47 La. Ann. 106, 16 South. 651; 118 U. S. 356; State vs. Judges, 37 La. Ann. 396; Lochbaum vs. Southwestern B. & L. Mfg. Co., 121 La. 176, 46 South. 201; State vs. City Judges, 144 La. 952, 81 South. 435; State vs. Judge, 28 La. Ann. 547; City of Shreveport vs. U. S. Fidelity and Guaranty Co. 131 La. 933, 60 South. 621.

It is therefore ordered that the mandamus herein issued be made peremptory insofar as to grant relator a suspensive appeal from the judgment herein rendered on August 31, 1925, granting a preliminary injunction on relator furnishing within ten days a bond for costs in the sum of two hundred and fifty dollars, provided the proceedings in this case in other respects in the district court shall not be stayed during the pendency of such appeal unless otherwise ordered by this court.

It is further ordered that the city of New Orleans pay the costs of these proceedings.

Mandamus peremptory.