GUIDRY ET AL. v. BOARD OF COMRS., LAFOURCHE BASIN LEVEE DIST. ET AL.

---

(May 26, 1930. Opinion and Decree.)
(July 1, 1930. Rehearing Refused.)
(August 7, 1930. Writs of Certiorari and Review Refused by Supreme Court.)

---

J. E. Fleury, of New Orleans, attorney for plaintiffs, appellees.

Paul Maloney, of New Orleans, attorney for defendants, appellants.

HIGGINS, J. This is a proceeding by mandamus seeking to compel the Honorable L. Robert Rivarde, Judge of the Twenty-fourth judicial district court for the parish of St. Charles, to grant relator first, the right to bond a preliminary writ of injunction, on the ground that no irreparable injury could result to the plaintiffs but irreparable injury would result to the defendants if the injunction was permitted to remain in effect; and second, to grant relator a suspensive appeal from an interlocutory judgment issuing a preliminary writ of injunction on a rule nisi on May 1, 1930.

The respondent judge justifies his refusal to sign an order giving the defendants the right to bond the preliminary writ of injunction issued on the rule nisi, because irreparable injury will result to the plaintiffs by doing so, whereas the defendants will suffer no irreparable injury by the matter remaining in status quo. He justifies his refusal to sign an order of suspensive appeal on the ground that the

judgment complained of was not a final judgment but an interlocutory one, issuing a preliminary writ of injunction on a rule nisi and that under Section 5 of Act 29 of 1924, the trial judge has discretion in allowing or refusing any party enjoined a suspensive appeal from an order or decree granting a preliminary writ of injunction.

The record shows that the plaintiffs as owners in possession of certain real estate and improvements thereon sought and obtained on April 21, 1930, a restraining order and a rule nisi to show cause why a preliminary writ of injunction should not issue, enjoining and restraining the defendants, Dr. Youngs, who claims ownership of the improvements on the real estate, Mr. Cafiero, a contractor engaged by Dr. Youngs to remove the improvements from the plaintiffs' land to a piece of property that he had rented for that purpose, and the Board of Commissioners of the Lafourche Basin Levee District from removing the improvements from the plaintiffs' land and placing it on any other land except their own. The rule nisi was issued on April 21, 1930, and returnable on April 30, 1930, at 11 o'clock a. m. Defendants, Dr. Youngs and Mr. Cafiero, filed a rule to show cause why the restraining order should not be dissolved and the plaintiffs condemned to pay the defendants actual damages and attorney's fees as a result of the illegal issuance of the restraining order. This rule together with the rule nisi were both tried on April 30, 1930, and resulted in a judgment on May 1, 1930, in favor of the plaintiff making the rule nisi absolute and issuing a preliminary writ of injunction enjoining the defendants from removing the improvements from the plaintiffs' land to any other land except the plaintiffs' land and permitting the levee board to remove the building from its present location to the rear part of the plaintiffs' property in order to construct a new levee.

The defendants, Dr. Youngs and Cafiero, who were the relators in this proceeding, on May 5, 1930, filed a rule returnable on May 8th, for the plaintiffs to show cause why the preliminary writ of injunction should not be bonded, as irreparable injury would result to the defendants but not to the plaintiffs. The court refused to permit the defendants to bond the injunction.

Defendants on May 13, 1930, then filed a rule to show cause why a suspensive appeal should not be granted. The court refused to grant defendants a suspensive appeal.

We ·shall first take up the question of the lower court's refusal to permit the defendants to bond the preliminary writ of injunction. The evidence shows, and it is not disputed by defendants, that the plaintiffs are the owners of the real estate upon which the building in question is situated. It also appears that the plaintiffs have a certain interest in the building as the result of the defendant, Dr. Youngs, using material belonging to them in the construction of the building on their land; that Dr. Youngs has a certain equity in the building as a result of furnishing additional material and the labor for the construction of the building; that the land on which Dr. Youngs proposes to move the building is not owned by him but rented from a third person and that the building has been on the property of plaintiffs from the year 1923. R. C. C., arts. 506-7-8.

Under these circumstances it would seem to us that the defendant, Dr. Youngs, would suffer no irreparable injury as a result of the preliminary injunction because if the building is moved on the rear of plaintiffs' property the defendant, Dr. Youngs, can assert any right that he might have against the plaintiffs with reference to the building and he will be in the same position

as he presently would be in asserting such rights. In other words, the status quo is preserved by the preliminary injunction and does not in any way affect the defendant, Dr. Youngs' rights, as existing at the present time or as will exist when the building is moved to another portion of plaintiffs' property.

On the contrary plaintiffs who are in possession of the building would be deprived of possession if the injunction was permitted to be bonded and the building is placed upon the lands of a third person. If defendant, Dr. Youngs, failed to pay the rent, plaintiffs' rights in the building may be seriously impaired as a result of the lessor's lien and privilege on the building for the security of the rent of the land.

In any event the judge of the lower court has discretion in granting or refusing an order to dissolve the injunction and permitting it to be bonded and the record does not show that this discretion was abused or arbitrarily exercised. Article 307 of the Code of Practice provides:

"Dissolution of Injunction by Bonding. Whenever the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff, the court may in their discretion dissolve the same, provided the defendant execute his obligation in favor of the plaintiff, with the surety of one good and solvent person residing within the jurisdiction of the court, for such sum as the court may determine, according to the nature of the case, as security that he will deliver the property in dispute in the same state in which it was at the moment of issuing the injunction, and that he will pay besides to the plaintiff all damages he may have sustained by this act, if a definite judgment be rendered against him in the suit pending."

We, therefore, feel that the first point of relators is not well taken.

We next pass to a consideration of the judge's refusal to grant a suspensive appeal to the defendants. While relators' petition for writ of mandamus alleges that there was a full trial on the merits the record contradicts this allegation. The only judgment rendered by the lower court was on the rule nisi issuing a preliminary writ of injunction. The merits of the controversy as to who was the owner of the building or fixing the respective interest of the parties in the building, if they are joint owners, was not passed upon by the court. We do not find that there was a full hearing on the merits and under the circumstances, defendants were not entitled to a suspensive appeal as a matter of right and, therefore, Act 29 of 1924 is applicable. City of New Orleans v. Canal Bakery & Delicatessen, Inc., 3 La. App. 18 and 789.

Section 5 of Act 29 of 1924 specifically provides that where a preliminary writ of injunction shall have been granted, a devolutive appeal but not a suspensive appeal may be taken as a matter of right from such interlocutory decree provided that the court may, in its discretion, allow to any party enjoined, a suspensive appeal from an order granting a preliminary injunction.

The return of our brother below and the record show that the discretion vested in the trial court was properly exercised under the circumstances. The rights of the defendant, Dr. Youngs, are fully preserved and he may exercise them in proper proceedings whenever he so desires.

For these reasons we are of the opinion that the relators are not entitled to the relief prayed for.

It is therefore ordered that the writ issued be and it is hereby recalled. All costs to be paid by relators.