TATE, Judge.
This is a companion proceeding to the Town of Eunice v. M & L Construction Company, Docket No. 148 of this court, reported at 123 So.2d 579, in which the circumstances of this litigation are more fully described. This is a suit to recover damages for the breach of a construction contract in which we granted supervisory writs to review the trial court’s judgment overruling exceptions to the jurisdiction ratione personae filed by all defendants.
In the companion proceeding, we considered the exception filed by a partnership which was a co-defendant. The present proceeding involves the similar exceptions filed (a) by the partners of said partnership (who were made defendants individually) and (b) also by a defendant insurer which was the surety on the construction contract entered into between the plaintiff municipality and the defendant partnership.
As to these partners, Whitney Mouton and Percy Lormand, no contention is made that they may not be joined individually as co-defendants in any suit against the partnership, providing the parish where the suit is brought is a proper venue for the suit against the partnership. Cf. E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898; Klotz et al. v. Tru-Fruit Distributors, La.App. Orl., 173 So. 592; Green v. Hawkins & Antoon, La.App. 2 Cir., 144 So. 271; First National Bank in Gibsland v. Knighton Brothers, 2 Cir., 16 La.App. 407, 134 So. 706; Lee Hardware Co. v. Maxwell, 2 Cir., 14 La.App. 654, 130 So. 625. See also LSA-Code of Civil Procedure (1960), Article 78. Since in the companion suit we have decided that the trial court properly overruled the exception to the jurisdiction ratione personae filed by the defendant partnership, we likewise affirm its ruling overruling similar exceptions filed by the individual partners.
As to the surety co-defendant, a foreign corporation, there is no allegation in the petition that such corporation had committed any act causing damages or had omitted to perform any duty causing damages. The petitioner simply seeks judgment against such surety upon the ground that it had provided a surety bond for the faithful performance of the construction contract by the defendant partnership, which latter party defaulted in its contractual obligations. Further, the mere failure to pay money due under a contract -is not a failure to do nor an omission such as constitutes the parish where the money is not paid a proper venue under C.P. Art. 165, *585 subd. 9 for suits against corporate defendants. Interim Television Corp. v. Cappel, La.App. 2 Cir., 94 So.2d 539.
As C.P. Art. 165, subd. 9 is the sole basis upon which the plaintiff seeks to implead the surety in this St. Landry Parish suit, and as there is no allegation that the defendant corporation did or failed to do anything- in St. Landry Parish which caused the damage for which the recovery is sought, the exception to the jurisdiction ratione personae filed by it should have been sustained and the suit dismissed as against it. Cf. also, Pittman Brothers Const. Co. v. American Indemnity Co., 194 La. 437, 193 So. 699.
The decisions relied upon by the plaintiff as supporting the trial court’s overruling of this exception are not apposite. In the case of City of Shreveport v. United States Fidelity & Guaranty Co., 131 La. 933, 60 So. 621, the defendant surety corporation did not question the trial court’s jurisdiction ratione personae but only the non-joinder as co-defendant with it of the contractor. The other case, Du Bell v. Union Central Life Ins. Co., 211 La. 167, 29 So.2d 709, concerned a breach of the warranty to deliver land sold by the defendant corporation to the plaintiff in the parish where the suit was filed — that is, a failure to do in the parish where suit was filed, which caused the damages for which the suit was brought.
No contention is made that the defendant surety corporation may be joined in a suit of proper venue as to the co-defendant partnership because the former is a solidary obligor of the latter, probably because C.P. Art. 165, subd. 6 provides only that “Where the defendants are joint or solidary ob-ligors, they may be cited at the domicile of any one of them” (italics ours), the defendant partnership being domiciled in Vermilion Parish. See also Art. 73, LSA-Code of Civil Procedure (1960). And although in suits on most other types of insurance policies venue is proper in the parish where the loss occurred, see Code of Practice, Article 165, subd. 10, there is no such provision in the case of surety contracts.[1]
Nor are we called upon to determine whether the defendant partnership as the principal on the construction contract may implead the present insurer defendant, the surety on the contract, as third-party defendant, and we are cited to no authority which would allow a direct suit by the plaintiff against this insurer as surety for the contractor in a parish other than the contractor’s domicile. The direct action statute (LSA-R.S. 22:655), for instance, applies only to contracts of “liability insurance”, which are statutorily differentiated from “fidelity and surety” insurance (see LSA-R.S. 22:6). And, although Section 8 of Act 41 of 1894 did indeed permit suit against the corporate surety on the bond in the same jurisdiction as the principal, see Rester v. Moody & Stewart, 172 La. 510, 134 So. 690, this statutory provision was repealed by Act 195 of 1948 (the Louisiana Insurance Code, now contained in the Louisiana Revised Statutes as Chapter 1 of Title 22), and we are not cited to, nor could we find, any comparable provisions in the insurance code nor in the present Louisiana Revised Statutes.
For the reasons assigned, the judgment overruling the exception to the jurisdiction ratione personae filed by the Trinity Universal Insurance Company is reversed, said exception is sustained,'and the suit is dismissed as to it; in all other respects, our writs previously issued herein are recalled and rescinded, and these proceedings are remanded to the trial court for further proceedings according to law and not inconsistent with the views herein expressed.
Reversed in part: affirmed in part.

. Article 76 of the LSA-Code of Civil Procedure, which goes into effect on January, 1, 1861, might be interpreted to provide venue in the parish where the loss occurs on surety insurance contracts. It is not necessary to decide this issue, however, as this Code is not at the present time in effect.