Judgment rendered April 22, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,479-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CORETTA MCMILLON AND                   Plaintiffs-Appellees
ROOSEVELT NORMAN

versus

EUROPEAN SERVICE, INC.,                Defendants-Appellants
D/B/A EUROPEAN MOTORS
AND ALI MOGHIMI

* * * * *

Appealed from the
Monroe City Court
Parish of Ouachita, Louisiana
Trial Court No. 2016CV01117

Honorable Tammy D. Lee, Judge

* * * * *

ALI MOGHIMI and ELHAM MOGHIMI         In Proper Person
                                      Appellants


RONALD KIP GATES                      Counsel for Appellee,
                                      Roosevelt Norman


DIANNE HILL                           Counsel for Appellee,
                                      Coretta McMillon


* * * * *

Before PITMAN, COX, and THOMPSON, JJ.

**PITMAN, J.**

Defendants-Appellants Ali Moghimi and Elham Moghimi appeal the trial court's denial of their motion to transfer. For the following reasons, we affirm.

**FACTS**

Coretta McMillon and Roosevelt Norman filed suit in Monroe City Court against European Service, Inc., d/b/a European Motors and Ali Moghimi to rescind the sale of an automobile. The trial court concluded that European Motors and Ali Moghimi violated the Unfair Trade Practices Act and were liable for damages in the amount of $22,855.25 plus attorney fees of $5,650.00. *See McMillon v. European Serv., Inc.*, 52,701 (La. App. 2 Cir. 5/22/19), 275 So. 3d 375.

On May 29, 2019, Norman filed a rule to show cause and made Elham Moghimi a defendant. Norman stated that he is a judgment creditor of European Motors and Ali Moghimi and that Elham Moghimi is the wife of Ali Moghimi and is living with him in community. Norman requested that Elham Moghimi show cause why he should not be allowed to execute his judgment against any or all community property of the Moghimis, including the garnishment of her wages. He also requested that Elham Moghimi be cast for all costs, including attorney fees.

A hearing was held on August 1, 2019, and the parties discussed the Moghimis' prenuptial separate property agreement that is recorded in Iran. The trial court found that the prenuptial agreement was not relevant and questioned its validity. It ordered that McMillon and Norman be allowed to execute their judgment against any and all community property of European Motors and the Moghimis, including the garnishment of Elham Moghimi's

wages under a writ of fieri facias in the amount of $22,855.25, together with interest and attorney fees in the amount of $5,650 and for all court costs.

On August 1, 2019, Ali Moghimi filed a pro se motion to remove and transfer the case to federal court, pursuant to 28 U.S.C. § 1446. He stated that pursuant to La. C.C.P. art. 4843, the damages prayed for and the possible breach of a prenuptial agreement will exceed the jurisdictional limits of Monroe City Court. He stated that his wife Elham Moghimi is not a citizen or a resident of the United States and that they entered into the prenuptial agreement in Iran.

On August 5, 2019, the trial court denied the motion to transfer.

The Moghimis appeal.

**DISCUSSION**

*Transfer to Federal Court*

In their first assignment of error, the Moghimis argue that the trial court erred in denying the motion to transfer. They contend that the federal court is better suited to adjudicate a case concerning a prenuptial agreement recorded in a foreign country. They state that because the agreement was executed between a United States citizen (Ali Moghimi) and a foreign national (Elham Moghimi), a federal court has diversity jurisdiction over the matter. They also contend that, due to its limited jurisdiction, Monroe City Court is not equipped to determine the validity of the prenuptial agreement.

McMillon and Norman argue that the Moghimis did not follow the proper procedure to remove this case to federal court, which is set forth in 28 U.S.C. § 1446. The Moghimis' filing of a motion to transfer in Monroe City Court fails to comply with the procedure detailed in that statute. The

2

record does not indicate that the Moghimis filed their removal action in U.S. District Court within 30 days of service of the initial pleading.

Accordingly, this assignment of error lacks merit.

*Choice of Laws/Conflict of Laws*

In their second assignment of error, the Moghimis argue that the trial court erred in denying the motion to transfer without knowing if choice of laws and conflict of laws dictate that a prenuptial agreement executed between a foreign national and a United States citizen and recorded in a foreign country takes precedence over Louisiana's community property statutes. Under choice of laws doctrine, they contend that Islamic/Iranian law should determine the validity of the agreement. Under conflict of laws doctrine, they argue the validity of the agreement should be determined where the contract was made and not in Monroe City Court.

McMillon and Norman argue that the trial court correctly rendered judgment against the community property of the Moghimis. They note that the Moghimis were married in Ouachita Parish in 2005 and could have entered into a matrimonial agreement under Louisiana law or petitioned the court to recognize the agreement executed in Iran.

Although the Moghimis married in Louisiana, they did not avail themselves of the opportunity to live under separate property regimes pursuant to Louisiana law. *See* La. C.C. art. 2334, et seq. Instead, they presented to the trial court a copy of a prenuptial agreement purportedly from the Iranian "Ministry of Vital Statistics and Internal Affair." The copy provided to the court contains no seal, stamp or other means of authentication. The Moghimis' argument that this alleged prenuptial

3

agreement prevails over the Louisiana community property regime is not supported by Louisiana law.

Accordingly, this assignment of error lacks merit.

*Sanctions*

Counsel for McMillon and Norman states that the Moghimis failed to provide a copy of their appellate brief to her and that they falsely certified that she was served with the brief. Counsel argues that she incurred an unnecessary waste of time, effort and expense responding to this appeal because this appeal does not concern her. Therefore, McMillon and Norman seek sanctions pursuant to La. C.C.P. art. 2164 for the Moghimis' pattern of deceptive and misleading actions. They also seek to enjoin the filing of future pro se pleadings by the Moghimis.

La. C.C.P. art. 2164 states:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

This provision is penal in nature and is to be strictly construed. *Straughter v. Hodnett*, 42,827 (La. App. 2 Cir. 1/9/08), 975 So. 2d 81, *writ denied*, 08-0573 (La. 5/2/08), 979 So. 2d 1286, *citing Pratt v. Louisiana State Med. Ctr. in Shreveport*, 41,971 (La. App. 2 Cir. 2/28/07), 953 So. 2d 876. Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed. *Hampton v. Greenfield,* 618 So. 2d 859 (La. 1993), *citing City of Shreveport v. U.S. Fid. & Guar. Co.*, 131 La. 933, 60 So. 621 (1913). Damages for frivolous appeal are only allowed when it is obvious that the appeal was taken solely for delay, that the appeal

4

fails to raise a serious legal question or that counsel is not sincere in the view of the law he advocates, even though the court is of the opinion that such view is not meritorious. *Straughter v. Hodnett*, *supra*; *Hampton v. Greenfield*, *supra*, *citing Parker v. Interstate Life & Acc. Ins. Co.*, 248 La. 449, 179 So. 2d 634 (1965).

We note that Ali Moghimi has a lengthy history of self-representation in Monroe City Court, and many of these cases have been further litigated before this court and the Louisiana Supreme Court as appeals or writs. *See Davis v. European Motors*, 51,522 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1100. Although it appears that the Moghimis employed tactics to delay this matter, we note that appeals are favored and that this appeal is not unquestionably frivolous.

Accordingly, we do not award damages for a frivolous appeal under the facts of this case.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court denying the motion to transfer of Defendants-Appellants Ali Moghimi and Elham Moghimi. Costs are assessed against Defendants-Appellants Ali Moghimi and Elham Moghimi.

**AFFIRMED.**

5