## PEYTON A. KEY v. JOHN BOX et als.

| 14 | 497 |
| 52 | 1367 |

Under the operation of Articles 2203 and 2204 of the Civil Code, compensation does not take place between partnership and individual debts.

During the existence of the partnership, suit must be brought against the firm, and not against individual partners.

An exception to this rule has been recognized in the case of a Louisiana creditor, attaching the interest of a non-resident debtor in property belonging to a foreign firm, of which he was a member, for a debt due by him individually.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Mott & Fraser*, for plaintiff. *Singleton & Clack*, for defendants and appellants.

VOORHIES, J. The correctness of the plaintiff's demand is not disputed; but the defendant contends, that it is extinguished by compensation to the amount of a claim which he sets up against the firm of *Peter Tellon & Co.*, of which he alleges the plaintiff to be a partner. Then follows a reconventional demand for the surplus of this claim.

It is well settled, that compensation does not take place between partnership and individual debts, under the operation of Articles 2203 and 2204 of the Civil Code. So that the defendant, *John Box*, cannot plead, as an off-set to the debt which he owes to the plaintiff individually, his claim against the firm of *P. Tellon & Co.*, although the plaintiff be liable solidarily for all the debts due by the firm.

The rule of law is, that during the existence of the partnership, suit must be brought against the firm, and not against individual partners. C. P. 165; 4 L. 107, *Davis* v. *Eloi et als.*; 6 R. 131, *Lambeth et als.* v. *Vawter et als.* An exception to this rule has been recognized in the case of a Louisiana creditor attaching the interest of his debtor in property belonging to a foreign firm, of which the debtor, himself a non-resident of the State, was a partner, although the debt was due by the latter individually. Ante 140, (p. 242, vol. 30 Opinion Book), *Frost & Co.* v. *White.* See also 5 An. 260, *Sherly, Escott & Co.* v. *Owners of Steamboat Bride.*

But the case at bar does not fall within this exception; for it appears by the pleadings, that both the plaintiff and the defendant, as well as the firm of *P. Tellon & Co.*, have their respective domicils out of the State of Louisiana. Our courts are vested of jurisdiction over this case by reason of the agreement of the parties, reading as follows, to-wit:

"We, the undersigned, hereby bind ourselves as securities of the defendant, *John Box*, to plaintiff, *Peyton A. Key*, in the sum of eighteen hundred dollars, and we agree, that whatever judgment may be rendered against the said *Box* in this case, may, at the same time that it is rendered, be entered up against us *in solido*, and we hereby authorize the plaintiff to grant any extension of time that he may see fit to grant said *Box*, and it shall not release us as securities.

New Orleans, Feb. 8th, 1858.

(Signed)                                    . JOHN BOX.

B. P. ETHEL."

The defendant also filed an answer to the merits, without pleading to the jurisdiction of the court.

63

The defendant has not attached any property, in this State, belonging to the firm of *P. Tellon & Co.;* so that, it would be fruitless to determine whether the privilege granted to a creditor, to attach, for the payment of the individual debt of a non-resident debtor, his interest in the property of the firm, can be extended to a non-resident creditor. Nor is the case subject to a different solution, from the fact that the claim is set up in the shape of a reconventional demand ; the objection is one *ratione materiæ.*

We come to the same conclusion as the District Judge, but without examining into the merits of the reconventional demand; and for this reason, it is unnecessary to dispose of the bill of exceptions taken by the defendant to the ruling of the court below, rejecting the testimony of *Peter Tellon,* on the ground of interest.

Judgment affirmed.

MERRICK, C. J., took no part in this decision.