## THORN V. WEATHERLY.

I. HUSBAND AND WIFE: *Right to wife's money : Presumption as to common law.*
  By the common law, which, in the absence of proof to the contrary, is presumed to be in force in Tennessee, money given to a married woman in that state while domiciled there with her husband, and of which her husband took possession there, became his property and so remained after their removal to this state. *Gainus v. Cannon,* 42 *Ark.,* 503.

II. LAWS OF OTHER STATES: *Presumption as to.*
  There is no presumption that the statute law of another state is the same as our own.

APPEAL from *Green* Circuit Court.
W. H. CATE, Judge.

*L. L. Mack,* for appellant.

Under the facts in this case equity will hold the husband held the legal title in trust for wife. The property was purchased with the wife's money that came from her father's estate in Tennessee in 1872.

The old rule was, that the mere fact that the wife al-

Thorn v. Weatherly.

lowed the husband to receive and keep her funds, the law presumed that he was authorized to keep them as his own. *Abb. Tr. Ev.*, 173–4.

But the more enlightened rule is: The husband's dealing with the wife's funds, in the absence of proofs to contrary, will be presumed to do so as agent of the wife. *Abb. Tr. Ev.*, 174.

If the husband purchases property with the funds of the wife, or with her estate, or the proceeds thereof, and takes the title in his own name, a trust results to the wife. 1 *Perry on Trusts*, 127 ; 2 *Wash. R. P.*, 516, *sec.* 28 ; *Ib.*, 479 ; 1 *Bish. Mar. Wom.*, 800–3; *Wait's Ac. and Def., Vol.* 3, 703 ; 9 *Am. Law Reg.*, 448; *Ib.*, 690 ; 13 *Am. Rep.*, 459 ; 11 *Ib.*, 541; 28 *Ark.*, 351; 15 *Ib.*, 235.

As to her right to control her property in Tennessee, where she received the money, the statute provides that the proceeds of the wife's estate cannot be paid to any other person except by her consent. *Tenn. Code, sec.* 3341–2; 2 *Story Eg. J., sec.* 1380 ; *Will. Eq.*, 634 ; 46 *Mo.*, 532 ; 11 *Am. Rep.*, 541.

As to what is proof of wife's seperateproperty see *Abb. Tr. Ev.*, 169 *to* 173 ; *Will. Eq.*, 634–7.

The property being money it was not necessary to schedule it. 30 *Ark.*, 79; 42 *Id.*, 62. And whether money or goods and chattels actual notice would be sufficient without scheduling. 28 *Ark.*, 351.

*E. F. Adams,* for appellees.

Appellants having failed to introduce any proof as to what the Tennessee law was in 1870, it must be presumed that the common law was then in force in said state, and that the money belonged to her husband. 30 *Ark.*, 126 ; 42 *Ark.*, 512.

Thorn v. Weatherly.

COCKRILL, C. J. The bill in this case was filed by the appellees against Josiah Thorn and his wife Martha, to reform a deed executed by Josiah Thorn to J. B. Thorn, whose estate is represented by the appellees. The deed did not correctly describe the tract of land which Josiah had sold to J. B. Thorn. Martha Thorn, the wife of the grantor joined in the deed to relinquish dower. The court granted the relief prayed by the plaintiff as to the husband, but refused it as to the wife. As the plaintiffs have not appealed and Josiah does not complain no question arises upon that branch of the case. Martha Thorn filed a cross-complaint, however, claiming the land as her own. It appears that she came into possession of money in the state of Tennessee in 1870, where she and her present husband, Josiah Thorn, were then domiciled as husband and wife. The money was a gift from her sister as the equivalent of a distributive share of their father's estate, from participation in which Mrs. Thorn had been excluded by the father's will. It was not shown that there was any attempt on the part of the donor to exclude the marital rights of the husband. The husband and wife came to Arkansas the following year and invested the money in lands, of which the forty acres in controversy is a part. The purchase was made by the husband and the deed was executed to him by and with the consent of the wife. In the spring of 1874 the husband sold the tract in dispute to J. B. Thorn. The contention of Martha Thorn is that the lands were held by her husband in trust for her, and that J. B. Thorn knew the fact at the time of his purchase. Her effort is to recover the land. The decree denying her relief must be affirmed.

Thorn v. Weatherly.

**1. HUSBAND & WIFE: Right to wife's money: Presumption as to common law.** It is enough for the purpose of this case to cite *Hydrick v. Burke*, 30 *Ark.*, *Dyer v. Arnold*, 37 *Id.*, 22, and *Gainus v. Cannon*, 42 *Id.*, 503. They are all cases involving similar questions. In each case money came to the wife in another state, where the husband and wife were then domiciled, and was invested in property in this state after the parties moved here. In each of those cases as in this there was a failure to prove what the law of the state was where the property was acquired, and it was ruled that the presumption would be indulged that the marital rights of the husband were governed by the common law in the state where the property was acquired; that by that law the money due to the wife, when collected became the property of the husband and remained his after removal to this state. The burden of proof in such cases is upon the wife to show that the property became and remained her separate property. To the same effect see *Tinkler v. Cox*, 68 *Ill.*, 119; *Litchtenberger v. Graham*, 50 *Ind.*, 288; *Oliver v. Robinson*, 41 *Tex.*, 422.

Especially applicable to the facts of this case is the language used by the court in *Gainus v. Cannon*, in speaking of money received by the wife in the state of Mississippi: "He (the husband) was entitled by marital right to receive his wife's distributive share of her father's estate, and the payment to her was payment to himself. She had no right to receive and hold it in opposition to him. * * * * It was voluntarily paid to her with her husband's assent, and became his by force of the common law; unless he, then or subsequently, by some agreement, valid between them, constituted himself her trustee." *Schouler Dom. Rel.*, sec. 82.

It is argued that the proof shows that the money received by Mrs. Thorn would have been her separate estate, if governed by the laws in force in this state at the

Thorn v. Weatherly.

time she received it in Tennessee.   Be that as it may, we cannot presume that positive provisions of the law similar to those found in our constitution or statutes relative to the separate property of married women, were ever in force in Tennessee.   Cases *sup.*

We know judicially from the history of the country that the common law is the basis of Tennessee's jurisprudence. We cannot take judicial notice of statutory changes that may have been made, nor can we presume that the same innovations have been made in that state as in our own. The familiar doctrine that a state of things once existing is presumed to continue until a change or an adequate cause of change, is shown, is indulged in regard to the existence of the common law in those states which recognize that system as the source of their jurisprudence.   It rests upon the party who asserts that a different rule prevails to prove it.   This has been frequently ruled by this court, and is in accord with the weight of authority elsewhere.   See *Norris v. Harris, per Field, J.,* 15 *Cal.,* 252 ; *Cases Collected,* 2 *Cent. L. J.,* 379 ; 1 *Greenl. Ev.,* sec. 43, note (a) ; *Lawson's Presumptive Ev., pp.* 366 *et seq.; Regina v. Nesbit, Dow. & L.,* 529.

The cases are numerous in which it is said that in the absence of proof the law of a foreign state will be presumed to be the same as that of the forum.   But an examination of a number of such cases has demonstrated that only in exceptional instances is the doctrine as applied inconsistent with the rule announced in *Hydrick v. Burke, sup.,* and like cases.   In many of the cases it will be found that a common law principle unaffected by statute governed the question where the cause was tried, and the announcement of the rule that the law of the forum would be presumed to be the law of the foreign state, was only another mode of saying that the common

16

*Margin note:* 2. LAWS OF OTHER STATES: Presumption as to.

law was presumed to be in force in the foreign state. Thus, in the case of *Cox v. Morrow*, 14 *Ark.*, 603, the rule is announced to be that the law of a foreign state is presumed to be the same as that of the forum unless the contrary is made to appear. But the court proceeded to settle the rights of the parties acquired under a North Carolina will of personality, and under a Tennessee marriage, according to the common law unaffected by statute —there being no proof of what the law of North Carolina or Tennessee was. But one of the parties in that case who took under the will died domiciled in Texas, and the law of Texas not being proved, the court determined the cause according to the statute of descents and distribution of Arkansas. But it must be remembered that Texas did not derive her jurisprudence from the source whence comes the common law, and for this reason no presumption could be indulged that that system prevailed there. The plaintiff had not established his case by the law of Arkansas and there was no room for the indulgence of a presumption that he could recover by any other law. 15 *Cal., sup.*; *Greenl., sup.*; *Flato v. Mulhall*, 72 *Mo.*, 522.

It may be that Chief Justice Watkins, who delivered the opinion of the court in *Cox v. Morrow*, and whose learning and wisdom give him place in the front of our jurisprudence, intended to obviate the constantly increasing difficulties and absurdities that the courts are led into by indulging the presumption of the prevalence anywhere of the common law without change since the revolution, by fixing a rule commendable for simplicity in its application, to the effect that parties by submitting their rights to our tribunals for determination, elect thereby to have them determined by the laws of our courts unless they adduce in evidence proof of different rules which should govern.

But in the case of *Duval v. Marshall*, 30 *Ark.*, 240, Judge Walker, who sat in the case of *Cox v. Morrow*, speaking for the court, interprets that case as holding that in the absence of proof to the contrary the courts of this state will presume the common law to be in force in another state. Looking alone to the application of the law made in the determination of that cause, we cannot say that such is not the judgment of the court. The rule as announced by Judge Walker has since been often applied by the court. *Newton v. Cocke*, 10 *Ark.*, 169; *Tatum v. Hines*, 15 *Id.*, 180; *Hydrick v. Burke*, 30 *Ark.*, 124; *Duval v. Marshall, Id.*, 230; *Peel v. January*, 35 *Id.*, 331; *Dyer v. Arnold*, 37 *Id.*, 17; *Gainus v. Cannon*, 42 *Id.*

In the case of *Seaborn v. Henry*, 30 *Ark.*, 469, a broader rule is announced by the judge delivering the opinion, but all that was determined in that case was that in a suit on a Texas judgment, a recovery could be had here unless the defendant showed that no recovery could be had on the judgment by the law of Texss. That it does not necessarily follow from this that we should indulge the presumption that the law of Texas is the same as the law of Arkansas, as was said in the opinion in that case, we have the authority of Chief Justice Kent and of Lord Eldon. *Thompson v. Ketcham*, 8 *Johns.** 190; *Male v. Roberts*, 3 *Esp.*, 163; see too *Grider v. Driver*, 46 *Ark.*, 66.

In *Hall v. Pillow*, 31 *Ark*, 32, a mortgage of personal property was shown to have been acknowledged and recorded in the state of Mississippi. In an action by the mortgagee for possession of the mortgaged property which had been removed to Arkansas, the court presumed that the object of acknowledging and recording a mortgage in Mississippi was to protect the lien of the mortgage as in Arkansas, and proceeded to enforce the mortgagee's right. As acknowledging and recording

mortgages was unknown to the common law it would have been idle to indulge any presumption as to the existence of the common law in relation to those matters. The case does not sustain the appellant's cause.

Affirm.