(84 South. 898)

No. 22514.

## E. B. HAYES MACHINERY CO. v. EASTHAM et al.

(April 5, 1920. Rehearing Denied May 31, 1920.)

*(Syllabus by Editorial Staff.)*

1. Evidence ⬯80(1)—Foreign law presumed same as domestic law.

Where the law of another state is not alleged, the Supreme Court must presume that it is the same as that of Louisiana.

2. Evidence ⬯35—Foreign statutes not judicially noticed.

The courts of Louisiana do not take cognizance of the statutes of other states.

3. Partnership ⬯191—Firm separate legal entity by civil law to alone sue or be sued in all cases arising out of any debt or credit.

Under the civil law, a partnership is a legal entity, separate and distinct from the persons who compose it, and may have its own creditors and debtors to the same extent as the individual partners, and, so long as the firm is not dissolved, it alone can sue on the firm's claims, and, though all its members join, such a suit cannot be maintained in the absence of the firm as a party plaintiff, and though, under Rev. Civ. Code, art. 2872, commercial partners are bound in solido for firm debts, a liability does not become enforceable against the individual partners until the firm has been dissolved, and, so long as it continues, they must be sued through and with it.

4. Partnership ⬯195—Suit against firm and members in parish of domicile or business.

Under Code of Practice, art. 165, par. 2, if an alleged partnership was domiciled in a particular parish, or if it had a business there, though domiciled elsewhere, it and its members might have been sued jointly in such parish, or, if it was established in more than one, might have been sued in the parish where the obligation was entered into.

5. Partnership ⬯279—Liability of members becomes fixed on dissolution.

When a partnership has been dissolved, it ceases to exist as a separate entity, and the liability of the partners, under Rev. Civ. Code, art. 2872, for its debts, becomes fixed.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by the E. B. Hayes Machinery Company against J. H. Eastham and others. From judgment for plaintiff, defendants appeal. Judgment annulled, avoided, and reversed, defendants' exception of no cause of action sustained, and suit dismissed.

Browne, Browne & Garland and F. G. Thatcher, all of Shreveport, for appellants.

Blanchard, Goldstein & Walker, of Shreveport, for appellee.

DAWKINS, J. Plaintiff, a Texas corporation, sued the defendants, J. M. Eastham, J. W. Clarke, and Lee Kinnebrew, as members of an alleged commercial partnership, styled the Universal Fiber Gin Company, for a balance on open account of $2,388.18 for machinery alleged to have been sold and de-

livered to said Universal Fiber Gin Company in the city of Marshall, Tex.

Defendants excepted on the ground that the petition disclosed no cause or right of action, and, this being overruled, answered, denying all of the allegations of the petition, and averring that they were not partners in any sense, and had not consented or agreed to be bound as partners; that in October, 1914, they were stockholders in a corporation known as the Universal Fiber Gin Company, of Harrison county, Tex., and that the other stockholders therein were E. B. Hayes, president of plaintiff company, Frank Davis and I. Hochwald, all of Marshall, Tex.; that, if said concern was not a corporation de jure, it was a corporation de facto; that said E. B. Hayes was one of the active promotors and organizers of said corporation, and signed the charter thereof; that Hayes is the principal and controlling stockholder in the plaintiff company; that whatever goods were sold and delivered were so sold and delivered to the Universal Fiber Gin Company, of Harrison county, Tex., as a corporation; that no credit was extended to defendants individually or as partners, and all dealings were had with said corporation as a corporation, which was known to plaintiff and dealt with by it as such; that Hayes undertook to secure additional subscriptions to its capital stock to the amount of $250, in addition to his own subscription, and himself subscribed for $500 thereof, which was passed to the credit of whatever indebtedness might be due by said corporation to the plaintiff company; that said Hayes did procure the subscriptions of Davis and Hochwald to the amount of $125 each, and further agreed that the same would be guaranteed by him, and should likewise be placed to the credit of the Universal Fiber Gin Company, of Harrison county, Tex., with plaintiff. They further aver that the charter of said corporation was lawfully and duly drawn and passed, incorporating said Universal Fiber Gin Company, with a total capital stock of $10,000 and of said amount $8,000 was subscribed and paid in by the above-named incorporators; that said charter was forwarded to the secretary of state for Texas, and that defendants had paid all of their subscriptions to its stock; that said charter was returned solely on account of informalities in the affidavits accompanying same; that these were minor informalities, easy of correction or amendment, and that said charter was left with said Hayes, who agreed to procure the proper corrections, and to reforward said charter, with proper affidavits, to the secretary of state; that said Hayes failed and neglected to do so, and, if said Universal Fiber Gin Company is not a corporation de jure, which is not admitted, then the same is due wholly to the fault of the said Hayes; that all of the business and dealings of said Universal Fiber Gin Company were conducted openly and publicly as a corporation; that it contracted as such, incurred obligations as such, and that it was sued and impleaded as such in the courts of Harrison county, Tex. Defendants further averred that, if said concern was neither a corporation de jure nor de facto, then the plaintiff is, for the reasons alleged, estopped to deny its corporate existence, which estoppel they specially pleaded.

Defendants further pleaded, in the alternative, that if the court should find that the said Universal Fiber Gin Company was neither a corporation de jure nor de facto, and that the plaintiff was not estopped, then and in that event the nature of the business carried on was such as to constitute nothing more than an ordinary partnership, and, if defendants are liable at all, it cannot be for more than one-sixth each.

There was judgment for plaintiff against the defendants in solido for the amount claimed less a credit of $250. Defendants appealed, and plaintiff has answered, praying

that the judgment be increased to the amount originally demanded.

### Exception of No Cause of Action.

The basis of this plea or exception is that, inasmuch as the petition alleges the existence of a partnership (commercial) in the state of Texas, and in no wise charges its dissolution, it does not set forth a cause of action against the individual members; but, in view of the peculiar legal status of a partnership under the Louisiana law, the plaintiff can bring its action against that entity alone in the first instance.

[1, 2] For the purposes of this exception, we can look to the law of this state only, for the reason that the law of Texas is not alleged, and, in the absence of such allegation, must presume that it is the same as ours. The state of Texas was never under the régime of the common law, in the sense of the original 13 colonies, or of the states carved out of the territory falling to the United States under the treaty by which the latter obtained her independence, but at the time of her admission into the Union was an independent republic whose territory had formerly been a part of Mexico, which is governed by the principle of the civil or Spanish law. If she has subsequently adopted the common law, it must have been by statute, and the courts of this state do not take cognizance of the statutes of the other states. Americanized Encyclopedia Britannica, vol. 9, p. 3766. See note 21 L. R. A. 468; Brown v. Wright, 58 Ark. 20, 22 S. W. 1022, 21 L. R. A. 472; Thorn v. Weatherly, 50 Ark. 237, 7 S. W. 33; Garner v. Wright, 52 Ark. 385, 12 S. W. 785, 6 L. R. A. 715; Cressly v. Tatom, 9 Or. 541; Hanchett v. Rice, 22 Ill. App. 442; Silver v. Kansas City, St. L. & C. R. Co., 21 Mo. App. 5; Norris v. Harris, 15 Cal. 226; Flato v. Mulhall, 72 Mo. 522; Savage v. O'Neil, 44 N. Y. 298; The Scotland, 105 U. S. 24, 26 L. Ed. 1001.

[3] Under the civil law, which prevails in this state, a partnership is a legal entity entirely separate and distinct from the persons who compose it, and may have its own creditors and debtors to the same extent as the individual partners. Newman v. Eldridge, 107 La. 315, 31 South. 688; Stothart v. Hardie & Co., 110 La. 700, 34 South. 740; Smith v. McMicken, 3 La. Ann. 322. So long as the partnership is not dissolved, it alone can maintain an action on the firm's claims, and even though all its members join therein, such a suit cannot be maintained in the absence of the partnership as a party plaintiff. Wolf v. New Orleans Tailor Made Pants Co., 52 La. Ann. 1357, 27 South. 893.

It is true article 2872, R. C. C., provides:

"Commercial partners are bound in solido for the debts of the partnership."

However, that liability does not become enforceable against the individuals who compose the partnership, separate and apart from the firm, until it has been dissolved. So long as it continues, they must be sued through and with it. Key v. Box, 14 La. Ann. 497.

"Under the law of Louisiana a commercial partnership is an entity, capable of being sued, is brought into court as defendant by service of citation upon one of its members, and while the ultimate liability of the parties is in solido—i. e., joint and several—they, during the life of the partnership, cannot be charged individually except through the partnership; that is, during the life of the partnership a partner is, like a corporator in a corporation, liable and made to respond individually only through a judgment against the intellectual being of which he is a component part." Liverpool, B. & R. P. N. Co. v. Agar, 14 Fed. (C. C.) 615.

[4] If the alleged partnership was domiciled in Caddo parish, or if it had had a business there, though domiciled elsewhere, it and the present defendants might have been sued jointly there. But it is not only not made a party defendant, and not shown to

have had any business in that parish, but is affirmatively alleged to be "doing business" in the state of Texas.

Under section 2 of chapter 2 of the Code of Practice, dealing with ordinary proceedings, and the courts before which suits must be brought, paragraph 2 of article 165, providing one of the exceptions to the rule that parties must be sued before the court having jurisdiction of their domicile, reads as follows:

"2. *Partnerships.*—In matters relative to partnership, as long as the partnership continues, in all suits concerning it the parties must be cited to appear before the tribunal of the place where it is established, or if there are several establishments, before that of the place where the obligation was entered into."

[5] Thus our law of procedure specifically requires that suits of the present character must be brought either at the domicile of the partnership, or, if it has two or more places of business, at the place where the obligation was entered into. There are a number of reasons which form the foundation for this rule. In view of the separate entity of the firm, it is important that in actions against it, or affecting its rights, the court of its domicile should be permitted to pass thereon, just as in the case of any other being or individual having separate rights and obligations. There its records and agents who manage its affairs may be found, and presumably its defenses may be more satisfactorily made. Then, too, as in the present case, where the nature and character of the entity and the consequent liability of the partners are matters at issue, the court of the res or status is the proper one, if not the only, which can determine the matter so as to conclude all parties. Of course, in such a proceeding the individual rights and liabilities of partners or persons not made parties thereto by service of process are not and cannot be concluded by such a decree; but,

in so far as the partnership entity is concerned, we see no reason why a judgment rendered at its domicile and while the firm is still extant should not be final upon any one claiming rights in and through it. The liability of commercial partners, while solidary, in the sense that they and each of them may ultimately be required to pay the whole of its debts, yet is not a primary one; neither is it a conventional liability, but one which the law alone imposes, in consequence of the relation of the parties and the character of the business in which the firm is engaged. Until the debt is established contradictorily with the partnership, so long as it exists, there is no debt within the meaning of article 2872 of the Civil Code, which can be enforced against the individual partner. The partnership is a necessary party to the liquidation of such a claim, just as in the case of any other contract in which all parties thereto and having an interest therein are necessary parties; and the individual partner, not being a party to such conventions in his personal capacity, cannot be sued individually until the rights of the debtor and creditor under their agreement have, as between them, been determined, especially when his connection therewith is not one of agreement, but his liability being imposed, as above stated, solely in consequence of the law. On the other hand, when the partnership has been dissolved, it ceases to exist as a separate entity, and the liability of the partners becomes fixed. Montague v. Weil & Bro., 30 La. Ann. 55; Hall et al. v. Lanning et al., 91 U. S. 170, 23 L. Ed. 271.

Since the petition not only does not allege a dissolution of the alleged commercial partnership, but affirmatively charges that it is "doing business" in the city of Marshall, county of Harrison, state of Texas, it does not set forth presently a cause of action against the defendants.

For the reasons assigned, the judgment ap-

pealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the exception of no cause of action be, and the same is hereby, sustained, and the suit dismissed; plaintiff to pay all costs.