ST. PAUL, J.
Plaintiff sets up as its cause of action that, having obtained judgment against one Martin Marks, it has since learned that at the time the cause of action arose the present defendant was in partnership with said Marks under the firm name of Marks & Simon, and that the cause of action arose out of the business of said firm. Wherefore plaintiff prays that the defendant be adjudged a member of said (commercial) firm and as such liable (in solido) with said Marks for the amount of said judgment.
Nothing whatever is said as to the alleged cause of action against said Marks and the firm of Marks & Simon; there is no prayer that said firm be made a party; and no allegation that said firm has been dissolved.
The trial court sustained an exception of no cause of action, and plaintiff has appealed.
[1, 2] The exception was properly sustained. If the firm of Marks & Simon had been dissolved, the petition should have so stated; and, if said firm had not been dissolved, it should have been made a party to this suit. In either case plaintiff should have set forth the cause of action which it claimed to have against the partnership, to the end that this defendant might have his day in court to challenge, if he saw fit, the verity and sufficiency thereof.
“The liability of commercial partners, while solidary, in the sense that each of them may ultimately be required to pay the whole of its debt, yet is not a primary one. * * * Until the debt is established contradictorily with the partnership, so long as it exists, there is no debt * * * which can be enforced against the individual partner. * * * ” But, “of course, in such a proceeding the individual * * * liabilities of partners, * * * not made parties thereto by service of process, are not * * * concluded by such decree.” Hayes Machinery Co. v. Eastham, 147 La. 347, 354, 353, 84 South. 898, 900.
Much less are they concluded by a judgment against one partner alone, since such a judgment would not even conclude the partnership itself.
Decree.
The judgment appealed from is therefore affirmed.