No. 3078

Second Circuit

THE LEE HARDWARE CO., LTD., v.
MAXWELL

(November 7, 1930.   Opinion and Decree.)

Charles M. Roberts, of Minden, and Wm. H. Cook, of Shreveport, attorneys for plaintiff, appellee.

Watkins & Watkins, of Minden, attorneys for defendant, appellant.

WEBB, J.  This action was instituted on July 13, 1926, by plaintiff, the Lee Hardware Company, Limited, against defendant, J. S. Maxwell, to recover judgment against him for the price of merchandise alleged to have been sold by it to the J. S. Maxwell Electric Company, of which J. S. Maxwell was alleged to be the sole owner, and service of process was made on J. S. Maxwell.

On September 21, 1926, J. S. Maxwell appeared by counsel and excepted to the petition on the ground that the account annexed to the petition was against J. S. Maxwell Electric Company, a partnership, and that plaintiff was estopped from suing J. S. Maxwell as sole owner of the business, and prayed that plaintiff's suit be dismissed.  On October 18, 1926, plaintiff, with the consent of the court, filed an amended petition, setting up that the allegation in the original petition that J. S. Maxwell was the sole owner of the J. S. Maxwell Electric Company was erroneous, and that J. R. Daniel and J. S. Maxwell were partners in the J. S. Maxwell Electric Company, and that the J. S. Maxwell Electric Company, and J. S. Maxwell and J. R. Daniel, were indebted to plaintiff in solido for the price of the merchandise sold, and praying for service of process on J. R. Daniel, and on final trial, for judgment against the J. S. Maxwell Electric Company, J. S. Maxwell, and J. R. Daniel in solido for the amount sued for.

On November 18, 1926, J. R. Daniel appeared in person, and, in answer to the original and supplemental petitions, denied that he was a partner of J. S. Maxwell or interested in the business conducted under the name of the J. S. Maxwell Electric Company.

The exception filed by J. S. Maxwell on September 21, 1926, was submitted on December 20, 1926, and overruled, and J. S. Maxwell, on December 22, 1926, filed a plea, which was designated as an exception of no cause and no right of action; in which it was alleged that plaintiff, in its amended petition, had admitted a partnership existed between defendant J. S. Maxwell and J. R. Daniel which was con-

ducted under the social name of J. S. Maxwell Electric Company, that there was no prayer for service of process on the partnership, and that he could not be sued individually for a partnership debt during the existence of the partnership.

The exception was overruled, and J. S. Maxwell then answered, again pleading the prior exceptions, and denying any individual liability, and prayed that plaintiff's demands be rejected, and, in the alternative, in event judgment should be rendered against him, for judgment in his favor over against J. R. Daniel; and, on trial, judgment being rendered in favor of plaintiff and against J. S. Maxwell alone, he appeals.

Appellant does not suggest that the plea or exception filed by him on September 21, 1926, was not properly overruled, and he apparently relies for relief solely on the failure of the court to sustain the plea of exception filed by him on December 22, 1926.

Had the suit originally been against J. S. Maxwell to enforce an individual liability arising from a commercial partnership, it appears to be certain that, in the absence of an allegation that the partnership had been dissolved, it would have been essential that the suit should have been primarily against the partnership (Key v. Box, 14 La. Ann. 497; E. B. Hayes Machinery Co. v. Eastham, 147 La. 352, 84 So. 898; also American Photo Player Co. v. Simon, 151 La. 708, 92 So. 307); and the same is true if by the filing of the amended petition plaintiff should be held to have abandoned the original suit. But when the action, which was originally against J. S. Maxwell, was attempted to be converted into one against a partnership composed of J. S. Maxwell and J. R. Daniel, the latter appeared and denied that there was any such partnership.

The pleadings thus show that both J. S. Maxwell and J. R. Daniel answered both the original and supplemental petition, and neither at any time raised any other issue than the question of partnership, and that, such issue being presented and tried under the answers of the parties, and the evidence conclusively establishing that J. S. Maxwell Electric Company, to which the merchandise was admittedly sold, was not a partnership, but was owned solely by J. S. ·Maxwell, we are of the opinion that judgment was properly rendered against J. S. Maxwell, and the judgment is affirmed.

DREW, J., recused.