## No. 3963

### Second Circuit

---

## THE FIRST NATL. BANK IN GIBSLAND v. KNIGHTON BROS. ET AL.

---

(May 20, 1931. Opinion and Decree.)

---

Goff & Goff, of Arcadia, attorneys for plaintiff, appellant.

R. L. Williams, of Arcadia, attorney for defendants, appellees.

DREW, J. Plaintiff sued Knighton Bros., a commercial partnership, alleged to be doing business in Gibsland, Bienville parish, La., and C. R. Knighton and J. G. Knighton, as individual members of said partnership, for $1,000 which is represented by a promissory note signed by Knighton Bros. It prayed for service and citation upon the partnership and the individual members, and for judgment in solido against all three defendants.

Defendants filed an exception of misjoinder and no right or cause of action, which exception was sustained and plaintiff's suit dismissed. Plaintiff appealed to this court from the judgment of the lower court.

The only appearance made in this court by defendants was to file the following plea:

"Now comes Knighton Bros., J. G. Knighton and C. R. Knighton, all defendants and appellees in the above entitled and numbered cause, and with respect show the Court:

"1. That since the filing of the appeal herein, your defendants have been adjudged bankrupts in the Bankrupt Court of the United States for the Western District of Louisiana.

"2. That all the property owned by them has been sold by the trustee in Bankruptcy.

"3. That your appearers have filed petition in the said Bankrupt Court praying to be discharged from bankruptcy.

"4. That your appearers do not and cannot file any brief or cause any argument herein.

"Wherefore, they pray to be discharged from the effect of any appeal herein. Pray for cost, all orders and decrees necessary and for general relief."

There is nothing attached to the plea to justify this court in acting on it, a mere statement by defendants. Under said plea, we might be justified in remanding the case for evidence to be introduced thereon, had the merits of the case been passed on below; but, since the suit was dismissed on an exception of misjoinder and no cause or right of action, which judgment we think erroneous, we will dispose of the exception and remand the case to be tried on the merits, at which time the plea may arise.

We are informed by appellant in argument and in brief that the exception is based upon the ground that, during the existence of the partnership (commercial), suit cannot be maintained against the individual members of that partnership on a firm obligation, and that a suit against the partnership and the individual members thereof, in which judgment is sought in solido without alleging the partnership has been dissolved, is subject to the exception of misjoinder and no right or cause of action.

The cases relied upon below by appellees are E. B. Hayes Machinery Co. v. Eastham et al., 147 La. 347, 84 So. 898, and American Photo Player Co. v. Simon, 151 La. 708, 92 So. 307. These two decisions, we think, are sufficient authority other than the Revised Civil Code for overruling the exception. In the E. B. Hayes Machinery Company case, the syllabus correctly sets forth its holding:

"Under the civil law, a partnership is a legal entity, separate and distinct from

the persons who compose it, and may have its own creditors and debtors to the same extent as the individual partners, and, so long as the firm is not dissolved, it alone can sue on the firm's claims, and, though all its members join, such a suit cannot be maintained in the absence of the firm as a party plaintiff, and though, under Rev. Civ. Code, art. 2872, commercial partners are bound in solido for firm debts, a liability does not become enforceable against the individual partners until the firm has been dissolved, and, so long as it continues, they must be sued through and with it.

"Under Code of Practice, art. 165, par. 2, if an alleged partnership was domiciled in a particular parish, or if it had a business there, though domiciled elsewhere, it and its members might have been sued jointly in such parish, or, if it was established in more than one, might have been sued in the parish where the obligation was entered into."

And in the body of the opinion the court said:

"It is true article 2872, R. C. C., provides: 'Commercial partners are bound in solido for the debts of the partnership.'

"However, that liability does not become enforceable against the individuals who compose the partnership, separate and apart from the firm, until it has been dissolved. So long as it continues, they must be sued through and with it. Key v. Box, 14 La. Ann. 497."

And in paragraph 4 of said opinion the court said:

"If the alleged partnership was domiciled in Caddo parish, or if it had had a business there, though domiciled elsewhere, it and the present defendants might have been sued jointly there. But it [the partnership] is not only not made a party defendant, and not shown to have had any business in that parish, but is affirmatively alleged to be 'doing business' in the State of Texas."

In this case the court held that you could not sue individual members of a go-ing concern (partnership) without making the partnership a party to the suit.

In the American Photo Player Company case, the court held that you could not sue the individual members of a partnership that had not been dissolved without making the partnership a party to the suit. Article 2872, Rev. Civ. Code, provides that "commercial partners are bound in solido for the debts of the partnership," and a commercial partnership and its individual members may be sued in solido in one and the same action.

The judgment of the lower court sustaining the exception is erroneous, and it is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and the case is remanded to the lower court for trial on the merits.