No. 3660

Second Circuit

KELLY SPRINGFIELD TIRE CO. v. OAKLEY ET AL.

(January 14, 1932. Opinion and Decree.)

P. E. Brown, of Arcadia, attorney for plaintiff, appellant.

Bertram F. Barnett and Ira J. McConathy, of Arcadia, attorneys for defendants, appellees.

STEPHENS, J. This action was instituted by plaintiff, Kelly Springfield Tire Company, a corporation, on April 12, 1929, against P. M. Oakley, and the Rogers Service Station, a partnership, and the individual members of the partnership, G. A. Rogers and D. A. Woodard, all of Bienville parish, La.

The plaintiff alleges that it sold and delivered to P. M. Oakley, who was conducting an automobile service station, merchandise on which account there was a balance due and unpaid of $1,056.78; that said Oakley had in May or June, 1928, sold in bulk and out of the usual course of business his entire stock of goods to the Rogers Service Station, in violation of Act No. 270 of 1926, commonly known as the "Bulk Sales Law," and plaintiff prays for judgment against P. M. Oakley for the balance due with interest, and for judgment against the partnership and the individual members thereof, in solido, holding them accountable for the value of the merchandise which came into their possession by virtue of the sale, and requiring the partnership to administer the property as a receiver, under the provisions of the statute above referred to.

No appearance was made by P. M. Oakley, and judgment was rendered against him on default. The individual members of the partnership appeared and excepted to the petition, in that it failed to state a cause or right of action against them. The partnership filed a plea of prescription of one year. The exception and plea were sustained by the trial judge, and plaintiff's suit dismissed as against the partnership and the individual members thereof, from which judgment plaintiff appeals.

The exception of no cause or right of action was founded on the proposition that the partnership had not been dissolved, and that therefore the individual members comprising it could not be sued with the partnership, and the basis of the plea of prescription was that the action against the partnership prescribed in one year from the date of the sale.

The individual members of the partnership were properly joined as parties defendant with the partnership. Key v. Box, 14 La. Ann. 497. Also E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898; American Photo Player Co. v. Simon, 151 La. 708, 92 So. 307.

It was conceded on trial of the plea of prescription that the evidence established that the sale was made more than one year prior to the institution of this suit, and that the action was prescribed by one year. Rosenberg & Sons v. Waguespack, 167 La. 451, 119 So. 423; Armour & Co. v. Wise & McCalpin, 1 La. App. 202. But, after the trial of the plea, plaintiff moved for a new trial thereof on the ground that it had

been misled by defendant relative to the date of the sale, and that it had filed suit as soon as it learned that defendant was the purchaser. A rehearing was granted, but after trial the court reinstated its former judgment.

The allegations of plaintiff's motion for a new trial of the plea of prescription are vague, but, liberally considered, the basis of the motion is that prescription did not begin to run until plaintiff ascertained that the sale had been made or that the maxim "contra non valentem agere non currit prescripto" is applicable to the right of action given to creditors under the statute.

Article 3521 of the Civil Code provides that prescription runs against all persons unless they are included in some exception established by law. The application of the maxim should be limited to the exceptions so established. Smith v. Stewart, 21 La. Ann. 67, 99 Am. Dec. 709; Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175.

If it be conceded that plaintiff was not informed or aware of the date of the sale which gave rise to the action, until after the prescriptive period had elapsed, such fact would not suspend prescription, in the absence of any provision in the statute that prescription would be thus suspended. We are of the opinion that the plea of prescription was correctly sustained.

While we do not agree with the disposition by the trial judge of the exception of no cause of action filed by the individual members of the partnership, the result is not affected thereby.

The judgment appealed from is affirmed.