RESOR v. CAPELLE. *

No. 14075.

Court of Appeal of Louisiana. Orleans.

March 21, 1932.

Borah & Bloch, of New Orleans, for appellant.

M. C. Scharff, of New Orleans, for appellee.

HIGGINS, J.

Mrs. Hilda H. Resor instituted this action against Mrs. Virginia Capelle, doing business under the name of the Arcade Beauty Shop, for damages for personal injuries alleged to have been sustained as a result of defendant's employee applying boiling hot water to her scalp when she was having her hair washed in defendant's beauty shop.

Defendant filed an exception on the ground that the suit was improperly brought against

*Rehearing denied April 18, 1932. Writ of certiorari denied by Supreme Court May 23, 1932.

her, because on February 1, 1929, there was created an ordinary partnership under the name of Capelle Company, composed of Virginia Capelle, the defendant, and Margaret Michel; that the business was owned, operated, and conducted by the partners in the proportion of two-thirds and one-third, respectively, at the time of the alleged accident and subsequent thereto; and that the action should have been brought against the partnership or the individual members thereof and not against the defendant as an individual. The exception was overruled.

Defendant then answered admitting that the plaintiff had her hair washed on August 2, 1929, by one of the employees of the partnership, but denies that she was in any way injured, and, in the alternative, avers that the Arcade Beauty Shop or Capelle Company was an ordinary partnership composed of Mrs. Michel and the defendant, Mrs. Capelle, who owned the business in the proportion of an undivided one-third and two-thirds, respectively, and therefore defendant can only be held responsible, in any event, for two-thirds of the alleged claim.

There was judgment in favor of the plaintiff in the sum of $400, and defendant has appealed. Plaintiff has answered the appeal, and asks that the amount of the award be increased.

The record shows that on August 2, 1929, at about 9:30 a. m., Mrs. Resor, who was a patron of the Arcade Beauty Shop, was having her hair washed there. When the operator started to rinse plaintiff's hair, she immediately uttered an outcry and jumped out of the chair, complaining that she was suffering severe pain from the hot water which had been poured over her hair. The young lady waiting upon plaintiff called in Mrs. Michel, who was in charge of the place, and she applied unguentine ointment or picric acid solution to plaintiff's scalp. Plaintiff was in a highly nervous state, and Mrs. Michel called in Dr. Martin Van Studdiford. He examined her head and found her scalp red, and expressed the opinion that the burn was not very serious and administered a sedative. Thereafter plaintiff made several visits to his office where he treated her for blisters which had formed on the top and back of her head. Before each treatment he advised her to call at the Arcade Beauty Shop for the purpose of having warm oil treatments of her scalp in order to cause the blisters and sore places to heal more readily. She was discharged as cured on August 26, 1929.

The plaintiff, in order to show that she had been injured, offered the testimony of Dr. Van Studdiford, Mrs. Adams, and herself, to the effect that she had been burned on the head and several blisters the size of 5 and 10 cent pieces appeared on the vertex and back of her head, and that she was under the treatment of the physician for nearly a month.

The evidence of defendant, tending to show that plaintiff was not burned, consisted of the testimony of Mrs. Michel, a trained nurse, three young operators, one of whom waited on plaintiff when her scalp is said to have been burned, the two others having administered oil treatments thereafter, and a barber by the name of Peronne. They testified that they were unable to find any evidence of injury or blisters either at the time of the alleged injury or subsequent thereto. They all admit, however, that plaintiff screamed at the time of the application of the hot water and jumped out of the chair, complaining of excruciating pain, and that she became hysterical.

█ It is our opinion that the preponderance of the evidence is with the plaintiff and establishes the fact that her scalp was severely burned from the application of the hot water, which caused several blisters to appear on the vertex and back of her head, and that the operator was guilty of negligence in not ascertaining the temperature of the water before spraying it on plaintiff's head.

Taking up the contention that the suit should have been filed against the partnership, defendant admits that the members of the partnership did not comply with the provisions of Act No. 64 of 1918 by registering a certificate in the conveyance office setting forth the name under which the business was conducted and the names and addresses of the persons owning the business.

In the case of Muller v. Davis-Wood Lumber Co., 2 La. App. 359, this court said:

"But defendants argue that they carry on business under the name of 'The Crescent Pottery Works' and should have been recognized and cited as such. Act 64 of 1910 [1918], p. 97, provides: 'That no person or persons shall hereafter carry on or conduct or transact any business in this state under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business unless and, etc.,' such person shall first file in the Register of Conveyances a certificate setting forth the name under which said business is conducted and the real names of the persons owning the business.

"It is admitted that defendants have not complied with that statute, and they cannot take advantage of their violation of law to defeat plaintiff's suit. Mahoney & Co. v. Rector, Wardens and Vestry of St. Paul's Church, 47 La. Ann. 1064, 17 So. 484."

But counsel for defendant points out that Act No. 64 of 1918 is a criminal statute, the only penalty being by fine or imprisonment and that the Supreme Court, in the case of

Toelke v. Toelke, 153 La. 703, 96 So. 536, 538, held:

"Act 64 of 1918 is a criminal statute. The violation of its provisions are declared by said act to be a misdemeanor, punishable, upon conviction, by a fine of not less than $25 nor more than $100, or by imprisonment for not less than 10 nor more than 60 days. No other penalty for its violation is denounced, nor can any other penalty be inflicted by the courts."

■ Without attempting to reconcile the language of these two cases, we believe it is sufficient to say that defendant's own evidence establishes the fact that the Arcade Beauty Shop or the Capelle Beauty Shop or Capelle Company was a partnership formed February 1, 1929, between Mrs. Capelle and Mrs. Michel as owners in the proportion of two-thirds and one-third, respectively; that the partnership was organized for the purpose of operating a beauty parlor; that the alleged injuries to plaintiff happened on August 2, 1929, while the partnership was still in existence; that the partnership was dissolved on October 11, 1929, by Mrs. Michel selling her interest and delivering the assets of the partnership to Mrs. Capelle as the sole owner; and that the partnership was dissolved at the time suit was filed against Mrs. 'Capelle on December 10, 1929. Therefore it was unnecessary to make the partnership or Mrs. Michel a party to the suit; plaintiff having a right to bring suit against the individual members of the partnershp after its dissolution. Wolf v. N. O. Tailor-Made Pants Company, 52 La. Ann. 1357, 27 So. 893; Lee Hardware Co. v. Maxwell, 14 La. App. 654, 130 So. 625; Dupre v. Coleman, 143 La. 69, 78 So. 241; American Photoplayer Company v. Simon, 151 La. 708, 92 So. 307; Hayes Company v. Eastham et als., 147 La. 347, 84 So. 898.

■ Counsel for plaintiff contends that as Mrs. Capelle bought the one-third interest of Mrs. Michel and took possession of all of the assets of the partnership that she thereby assumed all of the partnership's liabilities and should be held for the whole claim. There is no proof in the record to show that Mrs. Capelle either orally or in writing assumed the liabilities of the partnership. The law is that such an assumption must be expressed and cannot be implied. In the case of Chiasson v. Bank of Thibodaux, 2 La. App. 707, the court held that, where one buys an interest in a partnership, he does not thereby become liable for notes of the firm unless he specifically assumes responsibility therefor, and his promise to pay such debt must be in writing, and that parol evidence is not admissible to prove such a promise. See, also, Guillot v. Guillot, 141 La. 81, 74 So. 702; Rev. Civ. Code, art. 2278.

■ Counsel for plaintiff further argues that the partnership was commercial and the partners liable in solido; therefore any one of them may be sued for the entire debt. Article 2872; Lambeth v. Vawter, 6 Rob. 127 (131); Theard v. Prieur, 1 La. Ann. 17 (138); Muller v. Davis-Wood Lumber Company, supra. This contention is predicated on the evidence which shows that the partnership sold some toilet articles in connection with its business of operating a beauty parlor. Article 2825, Rev. Civ. Code, reads in part as follows:

"Commercial partnerships are such as are formed.

"1. For the purchase of any personal property, and the sale thereof, either in the same state or changed by manufacture. * * * *"

We do not believe that the selling of these articles in connection with the beauty parlor made the firm a commercial partnership within the meaning of the codal article.

■ In the instant case the selling of the toilet articles was merely incidental to the main purpose for which the partnership was formed; i. e., the practice or business of beauty culture. We conclude that the partnership was an ordinary one. Rev. Civ. Code, arts. 2829 and 2835.

■ Having reached the conclusion that the partnership was dissolved before the suit was filed and that it was an ordinary one, each partner then is liable for his virile share of the partnership debts. Article 2873. Therefore Mrs. Capelle, having been a partner in an ordinary partnership to the extent of an undivided two-thirds interest, at the time the claim arose, is responsible for two-thirds of the debts of the partnership prior to the time she became the sole owner. The trial court held Mrs. Capelle, the defendant, liable for the entire debt. This was error, for she can only be held responsible for two-thirds thereof.

■ As to the quantum, the evidence shows that plaintiff was painfully and severely burned on the scalp, resulting in several blisters. She was under Dr. Van Studdiford's care for nearly a month. On the occasions of her visits to his office it was necessary to lift the scabs from the place where the blisters had formed in order to provide adequate drainage so as to prevent infection. This appears to have been rather painful. After the scalp healed, it remained tender and sore for some period of time, but there was no permanent injury or scar. Under the circumstances we believe the sum of $400 to be adequate.

For the reasons assigned, the judgment appealed from is amended by reducing the amount awarded plaintiff from the sum of $400 to the sum of $266.67, and, as thus amended, it is affirmed, at appellant's cost.

Amended and affirmed.