## COMMERCIAL & SAVINGS BANK v. QUALITY SHOP.

### No. 946.

Court of Appeal of Louisiana. First Circuit.

May 3, 1932.

C. V. St. Amant, of Donaldsonville, for appellants.

George R. Blum, of Donaldsonville, for appellee.

MOUTON, J.

This suit is brought against defendant partnership and its three members on a note for $3,000, executed by defendant firm in favor of plaintiff bank.

Three exceptions were filed by defendants, including an exception of no cause or right of action, which is the only one urged on this appeal.

The demand is, as before stated, against the defendant firm, and, individually, against Sidney Harp, Henry Casso, and Benjamin Casso, the three partners.

Judgment is prayed for in solido against the partnership and the three members, above named.

In support of the exception, defendants contend that, as plaintiff's petition does not allege that the defendant partnership was dissolved, suit could not be brought against its individual members. In passing on this question, the Court in Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898, said: "A liability does not become enforceable against the individual partners until the firm has been dissolved, and, so long as it continues, they must be sued through and with it."

In a later case, American Photo Player Co. v. Simon, 151 La. 708, 92 So. 307, 308, in reaffirming that doctrine, the court said: "If the firm had not been dissolved, it should have been made a party to this suit."

■ As the defendant firm "continued," the three partners were "sued through and with it," as the court in Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898, said is required, or was made a party to the suit, which in American Photo Player Co. v. Si-

mon, 151 La. 708, 92 So. 307, was held to be essential.

We find no merit in the exception.

### Merits.

The defendant firm, finding itself in financial difficulties, consented to the creation of a creditor's committee to liquidate its affairs, composed of Albert Delery, George H. Blum, and Walter Leman. In the written document appointing that committee, which was signed by Henry Casso and Sidney Harp, two members of defendant firm, all of its property and bills receivable were turned over to the committee, which was authorized to sell its assets as it might determine, and to pay its creditors from the proceeds realized.

In that written assignment we find the following clause: "This transfer is made to avoid expense and it is understood that the undersigned committee in accepting the transfer for the creditors does not in any way release the individual members of the partnership for any portion of the indebtedness which may be due after the sale of the assets."

The assets of the firm were sold at public auction, and the proceeds were distributed among the various creditors on a 33 per cent. pro rata basis.

These amounts were sent to the creditors by Albert Delery, chairman of the committee, by checks, each bearing the notation of "33% in full settlement," with the exception of the check to plaintiff bank, which is free of such notation.

The contention of defendants is that they gave all the property of the firm to pay the debts due by it with the understanding that the proceeds of sale, whatever might be the amount realized, upon the creditors receiving their respective shares therein, the obligations of the firm would be canceled and discharged in full.

Counsel for defendants points to a letter by Delery addressed to its creditors, in which he says the defendant partners are willing to permit a sale of their assets, provided the creditors will accept the proceeds in full for what they owe. Delery explains in his evidence that this letter was written in the efforts he was making to get all the releases he could for the benefit of the members of the firm. He is, however, explicit and positive in his statement that the bank, of which he was president, had never consented to such a proposition. He says he never discussed this matter with any members of the board of directors of the bank, and, besides, that he had no authority or power from the bank to make any remission of part of its claim, and there is no contradiction of that statement. On the contrary, his statement is, in connection with this subject, that Messrs. Blum and Leman,

the two other members of the creditor's committee, knew the attitude of the bank in that respect, as he had told them several times that it would not accept any partial payment as a settlement in full. This statement stands uncontradicted.

The fact is, that Mr. Leman, testifying in the case, said he understood that all the creditors had the right to accept or reject any of these proposed settlements. Obviously, such must have been the situation, as no member of that committee seemed to have possessed the power of authorizing these partial payments in full discharge of defendants' debts, particularly in the teeth of the clause appended to the assignment hereinabove referred to.

The testimony of Delery in reference to the attitude of the bank about the effect of these proposed partial payments is confirmed and corroborated by the fact that the notation of "settlement in full" found on all of the checks sent to the creditors of these defendants is conspicuous by its absence from the check received by the bank.

Counsel for defendant refers to the fact that the assignment of the effects of the firm to the committee, containing the stipulation, that it would not release its members from their debts due after the sale of the assets, was not signed by Benjamin Casso, one of the partners, and is therefore not binding on him. That may be true as far as he is concerned, but that reservation in the assignment corroborates the testimony of Delery wherein he specifically states, and repeatedly, that the bank never accepted the part payment made on its note as a discharge in full of the amount due thereunder.

"The remission of the debt," says article 2199, C. C., "is either conventional, when it is expressly granted to the debtor by a creditor having a capacity to alienate; or tacit, when the creditor voluntarily surrenders to his debtor the original title under private signature which establishes the obligation."

There is certainly here no remission of the balance of the debt, expressly granted. Even if such an express remission had been made by Delery, there is no proof whatsoever to show that he had the "capacity to alienate."

It is equally certain that there was no tacit or implied remission, as the original title under private signature, that is, the note sued on, had never been surrendered to the debtor, as it clearly appears that a demand was made for its payment, and, upon refusal, this suit was brought for its collection.

The contention of defendants is that they were exonerated from the obligation of paying the balance claimed by plaintiff. The burden of proof was therefore upon them to show either the payment or the fact which

had produced the extinction of their obligation. Civ. Code, art. 2232.

The preponderance of the evidence on this question, which constitutes the vital issue in the case, is rather in favor of plaintiff bank than of defendants. Hence they have failed to carry the burden of proof resting upon them, thus entitling plaintiff to the judgment rendered against the defendant firm and defendants in solido.

Affirmed.