The plaintiff, I. L. Lyons Company, Ltd., brought this suit against the "Southland Ballroom" alleging that it was a commercial co-partnership composed of Peter W. Murtes and Joseph C. Hare, and that it was indebted to plaintiff in the sum of $200 as a balance due on a purchase of alcoholic liquors totaling $929.86. Judgment was prayed for against the partnership and Murtes and Hare in solido.
No defense was made by the partnership. The individual members filed exceptions of no cause or right of action and subsequently filed an answer in articulate form, but, in effect, a general denial. The plaintiff's suit was filed on the 14th of March, 1945, and on March 22, 1945, a petition was filed by Murtes and Hare alleging that they were members of a partnership operating a "ballroom" known as "Southland" and that the venture had turned out to be a financial failure. They asked that the partnership be placed in voluntary liquidation and that Alfred G. Rickerfor be appointed as liquidator, which was done.
The case came up for trial on the 13th day of June, 1945, when the exceptions were argued and overruled, whereupon the attorney for defendants left the Courtroom, or, as the Court dictated in the record, "Mr. Morphy thereupon curtly and discourteously or certainly with evidence of being discourteous, abruptly notified the Court that he was withdrawing from the defense in behalf of the defendants, Peter W. Murtes and Joseph C. Hare, whom he represented in the exceptions." *Page 475 
Evidence was heard on the merits and judgment rendered in favor of plaintiff as prayed for and the defendants have appealed.
In this court, counsel, who had withdrawn below, reappeared. The substance of his argument was that, while it is admitted that the "Southland Ballroom" is a partnership, it is not proven to have been commercial and, therefore, it is presumed to be ordinary, in which case, the liability of the partners, if any, is not in solido, as is the case of a commercial partnership, but each for his virile share. Furthermore, it is contended that no suit can be brought against the individual partners until the dissolution of the partnership, citing Hayes Machinery Corporation v. Eastham, 147 La. 347, 84 So. 898 and American Photo Player Co. v. Simon, 151 La. 708, 92 So. 307.
[1] Addressing ourselves first to the contention that the "Southland Ballroom" is an ordinary partnership, we find that there is proof in the record that $929.86 of intoxicating liquors was sold to it and all but $200 paid for. There is nothing, however, to show that this liquor was resold. But, nevertheless, it is admitted that the Southland Ballroom was a partnership and, in the absence of proof to the contrary, it will be presumed that the liquor was purchased as part of its stock in trade and, consequently, for the purpose of resale in line with the objects and purposes of the partnership.
Article 2825 of the Revised Civil Code reads in part as follows:
"Commercial partnerships are such as are formed:
"1. For the purchase of any personal property and the sale thereof, either in the same state or changed by manufacture.
"2. For buying or selling any personal property whatever, as factors or brokers. * * *."
Purdy v. Hood, 5 Mart., N.S., 626, Robertson v. De Lizardi, 4 Rob. 300.
We conclude on this point that the Southland Ballroom was a commercial partnership.
[2] The second point raised by defendants' counsel, to the effect that before individual partners can be sued they must have the benefit of discussion and division, is untenable.
Article 2094 of the Revised Civil Code reads as follows:
"The creditor of an obligation contracted in solido may apply to any one of the debtors he pleases, without the debtors' having a right to plead the benefit of division."
See, also, Hibernia National Bank Co. v. Succession of Cancienne, 140 La. 969, 74 So. 267, L.R.A.1917D, 402.
The authorities cited by defendants' counsel do not sustain his position. In Hayes Machinery Co. v. Eastham, supra, the court said [147 La. 347, 84 So. 900]:
"The liability of commercial partners, while solidary, in the sense that they and each of them may ultimately be required to pay the whole of its debts, yet is not a primary one; neither is it a conventional liability, but one which the law alone imposes, in consequence of the relation of the parties and the character of the business in which the firm is engaged. Until the debt is established contradictorily with the partnership, so long as it exists, there is no debt within the meaning of article 2872 of the Civil Code, which can be enforced against the individual partner. The partnership is a necessary party to the liquidation of such a claim, just as in the case of any other contract in which all parties thereto and having an interest therein are necessary parties; and the individual partner not being a party to such contentions in his personal capacity, cannot be sued individually until the rights of the debtor and creditor under their agreement have, as between them, been determined, especially when his connection therewith is not one of agreement, but his liability being imposed, as above stated, solely in consequence of the law. On the other hand, when the partnership has been dissolved, it ceases to exist as a separate entity, and the liability of the partners becomes fixed. Montague v. Weil Bro. 30 La. Ann. 50; Hall, et al. v. Lanning, et al., 91 U.S. 160, 23 L.Ed. 271."
In American Photo Player Co. v. Simon, supra, the court approved the holding in the Hayes case.
[3] Here the partnership was properly brought into Court and judgment obtained against it by default. We find no authority for the proposition that the plaintiff must await the liquidation of the partnership before prosecuting its suit filed against the partnership before the liquidation proceedings were inaugurated.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 476