HOFFPAUIR, Judge ad hoc.
This is a suit instituted by Holt T. Harrison, d/b/a Harrison Paint Company against Edgar L. Frye in the sum of $567.23. The plaintiff alleged that on October 8, 1948, he sold to- the defendant doing business as Petroleum Industries of Louisiana, a paint spray gun with accessories and one gasoline engine compressor for the said sum of $567.23.
During the course of the trial plaintiff attempted to show that the defendant Frye was associated with one W. W. Medlin and that the debt was incurred by a partnership composed of .the defendant and W. W. Medlin. The defense, objected to any evidence offered by plaintiff to show that the debt was incurred by a partnership as being an enlargement of the pleadings because the defendant was sued individually, and it was not alleged in plaintiff’s petition that a partnership had incurred the debt, and if so, the partnership was the proper party defendant. The evidence was allowed and as a result the lower court found that an ordinary partnership existed between the defendant and W. W. Medlin and judgment was rendered against the defendant for one-half of the amount sued upon.
Since the lower court found, and we agree, that k'n ordinary partnership existed between the defendant and W. W. Medlin and the debt which was the basis o.f plaintiff’s suit was incurred by the partnership, this court is of the opinion that judgment could not be rendered against the defendant individually when the partnership was not made a party defendant. It is well settled that a partnership in Louisiana is a legal entity, separate and distinct from the persons who compose it, and during its existence it is the proper party defendant against whom all actions to impose rights against the partnership must be brought and the members of the partnership cannot be sued on a partnership debt during the existence of the partnership unless joined with the partnership itself. See Key v. Box, 14 La.Ann. 497; Wolf v. New Orleans Tailor-Made Pants Co., 52 La.Ann. 1357, 27 So. 893; American Photo Player Co. v. Simon, 151 La. 708, 92 So. 307; Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898; First National Bank in Gibsland v. Knighton Bros., 16 La.App. 407, 134 So. 706; I. L. Lyons & Co., Ltd. v. Southland Ballroom, La.App., 24 So.2d 474; Rheuark v. Terminal Mud & Chemical Co. et al., 213 La. 732, 35 So. 592.
In the instant case wé find that the plaintiff alleges that Frye, the defendant, is justly and truly indebted to him. Nowhere in the petition is it-stated that a partnership existed, between Frye and W. W. Medlin, or that the debt was incurred by a partnership. Since the lower court found *384 that an ordinary partnership existed and that the debt was a partnership debt, the plaintiff’s claim must necessarily fall as against the defendant individually.
Partnerships are terminated in only one of the following methods or causes.
"1. By the expiration of the time for which such partnership was entered into.
“2. By the extinction of the thing, or the consummation of the negotiation.
“3. By the death of one of the partners, or by his interdiction.
“4. By his bankruptcy.
“5. By the will of all the parties, legally expressed, or by the will of any of them, founded on a legal cause, and expressed in the manner directed by law.” C.C. art. 2876.
 The fact that one of the partners is absent from the state, and there is no evidence in the record showing that the partnership had ceased to do business in Louisiana does not of itself constitute a termination of its existence. Further, the mere termination of a partnership does not have the effect, ipso facto, of extinguishing the concern as a legal entity. It remains as such for the purpose of liquidation and until its affairs are completely wound up. Duvic v. Home Finance Service, La.App., 23 So.2d 790; Guess & Albin v. Ham, La.App., 183 So. 61.
The law is correctly stated in the case of E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898-900:
“However, that liability does not become enforceable against the individuals who compose the partnership, separate and apart from the firm, until it has been dissolved. So long as it continues, they must be sued through and with it. Key v. Box, 14 La.Ann. 497.
“ ‘Under the law of Louisiana a commercial partnership is an entity, capable of being sued, is brought into court as de-' fendant by service of citation upon one of its members, and while the ultimate liability of the parties is in solido — i. e., joint and several — they, during the life of the partnership, cannot be charged individually except through the partnership; that is, during the life of the partnership a partner is, like a corporator in a corporation, liable and made to respond individually only through a judgment against the intellectual being of which he is a component part.’ Liverpool, Brazil & River Platte Navigation Co. v. Agar, C. C., 14 F. 615.”
The plaintiff in the instant case had the privilege of filing a supplemental petition impleading the partnership as provided by Article 419 of the Louisiana Code of Practice which he failed to do.
Although in all of the cases cited in this opinion the partnership was a commercial one, the determining factor is a civil law status of the partnership as a legal entity, and not any difference between commercial and ordinary partnerships.
The judgment appealed from is reversed, and, accordingly, plaintiff’s suit is dismissed as non-suit.